UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **H2183301 LLC DBA ALOHA INN MCALLEN TX**<br>*Plaintiff,* | § § § § § § | |
| V. | § § § | CIVIL ACTION NO. _____ |
| **ATEGRITY SPECIALTY INSURANCE COMPANY AND RICHARD DE LEON**<br>*Defendant.* | § § § § § | JURY DEMANDED |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, Defendants, ATEGRITY SPECIALTY INSURANCE ("Ategrity") and RICHARD DE LEON ("De Leon") (collectively "Defendants"), and file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and would show this Court as follows:

### I. PROCEDURAL HISTORY

1. On April 18, 2024, Plaintiff, H2183301 LLC dba Aloha Inn McAllen TX ("Plaintiff"), filed its Original Petition and initiated an action against Defendants, Ategrity Specialty Insurance Company and Richard De Loen, in the 92nd Judicial District Court of Hidalgo County, Texas, in Cause No. C-1833-24-A the "State Court Action"). See Exhibit "A" attached hereto and incorporated herein by reference.

2. Ategrity was served with a copy of the Citation and Plaintiff's Original Petition on May 6, 2024. See citation and service papers attached as Exhibit "D."

3. De Leon was served with a copy of the Citation and Plaintiff's Original Petition on May 6, 2024. See citation and service papers attached as Exhibit "D."

4. Defendant's Notice of Removal was filed on June 4, 2024, which is within the thirty-day statutory time period for removal under 28 U.S.C. § 1446(b)(3).

## II.   FACTUAL BACKGROUND

5. Defendant issued Policy No. 01-C-PK-P20023560-01 to Plaintiff effective May 21, 2022, until May 21, 2023 ("Policy"). Plaintiff made property loss claims against Defendants for storm damage to the premises located at 301 E US Highway 83, McAllen, Texas 78501.

## III.   DIVERSITY JURISDICTION

6. Plaintiff, H2183301 LLC dba Aloha Inn McAllen TX, is a limited liability company whose member, Hiteshu Bhakta, resides in and is a citizen of the State of Texas.

7. Defendant, Ategrity Specialty Insurance Company, is a corporation foreign corporation organized under the laws of the State of Delaware with its principal place of business in Scottsdale, Arizona. For purposes of diversity jurisdiction, Ategrity is a citizen of Delaware and Arizona under 28 U.S.C. § 1332.

8. Defendant, Richard De Leon, is a citizen of Texas.

9. Venue is proper in the Southern District of Texas, McAllen Division, because the Plaintiff's Property made the subject of the suit is located in Hidalgo County and within the McAllen Division.

*Amount in Controversy*

10. The "matter in controversy" under 28 U.S.C. § 1332(a) is determined by reference to the plaintiff's pleadings. The damages the Plaintiff claims in its petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288 (1938). "Where ... the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000."

*See Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. § 1332(a). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert. denied, 534 U.S. 894 (2001).

11. Here, Plaintiff claims more than $75,000, exclusive of interest and costs, in controversy. First, Plaintiff has pled in its Original Petition in ¶42 that it seeks monetary relief of $250,000 but not more than $1,000,000.00. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate. See Plaintiff's Original Petition, already on file with the Court. Thus, the total economic damages and attorneys' fees being sought are well in excess of the jurisdictional minimum amount in controversy.

*Improper Joinder*

12. Improper joinder is determined based on an analysis of causes of action alleged in the petition at the time of removal. See *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). If no viable claims exist against the non-diverse defendant, its presence must be disregarded for jurisdictional purposes. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).

13. Improper joinder has been proven if, "there is no reasonable possibility that the state court would recognize a valid cause of action against the nondiverse defendants." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179. If the facts plaintiffs allege do not state an actionable claim against the nondiverse defendant, a hypothetical possibility that such a claim could be brought is not enough to warrant remand. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

14. Plaintiff named Independent Adjuster Richard De Leon in its Original Petition alleging violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act (DTPA). On May 28, 2024, Defendant invoked its election of remedies to assume the liability of the field adjuster, Richard De Leon, under Tex. Ins. Code §542A.006. See Exhibit "H." Ategrity's assumption of liability of under the Texas Insurance Code or at common law was for acts or omissions, if any, in his handling of this claim.

15. "[T]o determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant *at the time of removal.*" *Flagg*, 819 F.3d at 137 (emphasis in original)." *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 474 (5th Cir. 2022). The *Advanced Indicator* Court found that a non-diverse agent was improperly joined, since the Insurer had assumed the liability for the agent. before removal, "even though suit had already been filed, the statute required that 'the court shall dismiss the action against the agent with prejudice.' TEX. INS. CODE § 542A.006(c)." *Id.* The Court concluded since there was no possibility of recovery, following the insurer's assumption of liability before removal, the party was improperly joined. *Id.* Similarly, as lability has been accepted, De Leon is improperly joined in this matter.

16. Additionally, there is simply ***no possibility of recovery*** against De Leon under the causes of action alleged because ***De Leon is not an insurer and does not have the duties alleged to have been breached.***

17. Plaintiff alleges De Leon violated §§542.101 and 542.102 of the Texas Insurance Code. Plaintiff cannot prove a cause of action for this. These claims could only be successful against an insurer. Specifically, §542.101 states that "on written request of a named insured under

4

a liability insurance policy, ***the insurer that wrote the policy*** shall provide to the insured information relating to the disposition of a claim filed under the policy." (emphasis added).

18. For the same reasons, Plaintiff cannot not have a claim against De Leon under §541.102 of the Texas Insurance Code as it relates to the duty of an insurer that writes property and casualty insurance.

19. Moreover, Plaintiff cannot recover under any claim for Deceptive Trade Practices Act against any non-diverse defendant. Plaintiff's Policy is with Ategrity. Plaintiff is not a consumer of De Leon and therefore *cannot*, under any circumstances, prove an essential element of its claim.

## IV.     INFORMATION FOR THE CLERK

20. Plaintiff: H2183301 LLC dba Aloha Inn McAllen TX.

21. Defendants: Ategrity Specialty Insurance Company and Richard De Leon.

22. The case is pending in the state court of Hidalgo County:

   92nd Judicial District Court
   Judge Luis M. Singletary
   Hidalgo County Courthouse
   100 North Closner
   Edinburg, Texas 78529
   Phone: (956) 318-2250

23. A civil cover sheet is attached.

24. A copy of Plaintiff's Original Petition is attached as Exhibit **A.**

25. A copy of Cover letter to Court requesting service on Ategrity filed 04/18/24 is attached as Exhibit **B**.

26. A copy of Cover letter to Court requesting service on De Leon filed 04/18/24 is attached as Exhibit **C**.

27. A copy of the citation of and service papers on Ategrity and De Leon filed 05/06/24; Clerk's Letter regarding service on De Leon; and Return of Service on De Leon filed 05/06/24 are attached as Exhibit **D**.

28. A copy of Defendant De Leon's Original Answer and Jury Demand filed 05/28/24 (Court rejected due to non-payment of jury fee) is attached as Exhibit **E-1**.

29. A copy of Defendant De Leon's Original Answer and Jury Demand (re-filed 05/28/24 with payment of jury fee) is attached as Exhibit **E-2**.

30. A copy of Defendant's, Ategirty's, Original Answer and Jury Demand is attached as Exhibit **F**.

31. A copy of Plaintiff's cover letter requesting permission to pay jury fee filed 05/29/24 is attached as Exhibit **G**.

32. A copy of Assumption of Liability attached as Exhibit **H.**

33. A copy of the state court's docket sheet is attached as Exhibit **I.**

34. A copy of the Notice of Removal filed in State Court is attached as Exhibit **J.**

35. There are no other pleadings in state court.

36. An Index of Matters Being Filed is attached as Exhibit **K**.

37. Counsel for Plaintiff:

    Matthew M. Zarghouni
    ZAR LAW FIRM
    17 S. Briar Hollow Lane, Suite 400A
    Houston, TX 77027
    Phone: 713.333.5533
    Email: Matt@zar-law.com
           Service@zar-law.com

38. Counsel for Defendant:

    Peri H. Alkas
    Laura Geppert Atha

>PHELPS DUNBAR LLP
>One Shell Plaza
>910 Louisiana Street; Suite 4300
>Houston, Texas 77002
>Phone: 713-626-1386
>Emails:  peri.alkas@phelps.com
>         laura.atha@phelps.com

*Jury Demand*

39. Plaintiff and Defendants demanded a jury trial in state court.

40. Defendants are requesting a trial by jury in federal court as well.

*Miscellaneous*

41. On the same day this Notice of Removal was filed, Defendants filed notice of this removal in the State Court Action. A copy of this Notice of Removal filed in the State Court Action is attached as Exhibit **J.**

42. Because Defendant, Ategrity, is incorporated in Delaware with its principal place of business in Arizona; and the amount in controversy exceeds $75,000; this Honorable Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

## **PRAYER**

WHEREFORE, Defendants, Ategrity Specialty Insurance Company and Richard De Leon, respectfully request that the above-entitled action be removed from the 92nd Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Peri H. Alkas*_____
     Peri H. Alkas, TBN:  00783536
     Federal ID: 15787
     Laura Geppert Atha, TBN: 24050653
     ONE SHELL PLAZA
     910 Louisiana Street, Suite 4300
     Houston, Texas 77002
     Telephone: 713-626-1386
     Telecopier: 713-626-1388
     Email: peri.alkas@phelps.com
           Laura.atha@phelps.com

**ATTORNEYS FOR DEFENDANTS, ATEGIRTY SPECIALTY INSURANCE COMPANY AND RICHARD DE LEON**

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing instrument has been served upon all known counsel of record pursuant to the Federal Rules of Civil Procedure on June 4, 2024.

| | |
|---|---:|
| Matthew M. Zarghouni | E-MAIL: |
| ZAR LAW FIRM | Matt@zar-law.com |
| 17 S. Briar Hollow Lane, Suite 400A | Service@zar-law.com |
| Houston, TX 77027 | |

                                                     */s/ Laura Geppert Atha*

                                                     Peri H. Alkas / Laura Geppert Atha